**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| **MONTGOMERY BLAIR SIBLEY,** |
| **Plaintiff,** |
| **v.** |
| **STUART SIBLEY, as Personal Representative of the Estate of Harper Sibley, Jr.,** |
| **Defendant.** |

**Civil Action 09-01963  (HHK)**

**MEMORANDUM OPINION**

Montgomery Blair Sibley ("Mr. Sibley") brought this suit in the Superior Court for the

District of Columbia against Stuart Sibley ("Ms. Sibley), as Personal Representative of the Estate

of Harper Sibley, Jr.  Ms. Sibley removed the action to this Court and now moves to dismiss, or

in the alternative, to transfer venue to the United States District Court for the Southern District of

Florida [## 3, 6].  In response, Mr. Sibley moved for jurisdictional and inconvenient forum

discovery and to enlarge the time to respond to Ms. Sibley's motion [##9, 10].  Upon

consideration of the motions, the oppositions thereto, and the record of this case, the Court

concludes that Mr. Sibley's motions for jurisdictional and inconvenient forum discovery and to

enlarge the time to respond to Ms. Sibley's motion should be denied, and Ms. Sibley's motion to

transfer venue should be granted.

**I.  BACKGROUND**

Mr. Sibley's complaint raises claims for breach of contract and declaratory relief, alleging

that in July 2007, his father, Harper Sibley, Jr. ("Decedent") promised to pay tuition for his

grandson, Mr. Sibley's son, to attend St. Albans School in the District of Columbia through grade 12 if his grandson were accepted into the school's Chorister program.  In spring 2008, after Mr. Sibley's son was accepted into the program and enrolled at St. Albans, the Decedent signed a "2008-2009 Reservation Contract - Day Student and Chorister" form and mailed it to St. Albans. The Decedent later mailed St. Albans a check for the balance of tuition due for the 2008-2009 school year, which was approximately $17,000.  The Decedent died in June 2009, and the tuition for the 2009-2010 school year is now past due.  The complaint states that Mr. Sibley "has made due demand on Defendant for payment of this 'enforceable debt' of Decedent's estate but Defendant has refused to recognize and/or pay the debt." Compl. ¶ 12.

Ms. Sibley moves to dismiss Mr. Sibley's complaint for lack of subject matter and personal jurisdiction and because it fails to state a claim upon which relief may be granted. Alternatively, Ms. Sibley moves pursuant to 28 U.S.C. § 1404(a) to transfer the case to the United States District Court for the Southern District of Florida.  In response to Ms. Sibley's motion, Mr. Sibley moves for jurisdictional and inconvenient forum discovery, and an extension of time to respond to Ms. Sibley's motion to dismiss.[1]  Mr. Sibley seeks "limited deposition discovery and documentary discovery," which he believes would show the Court's long-arm jurisdiction.  Pl.'s Mot. Discovery at 2.  Mr. Sibley further contends that inconvenient forum

---

[1]  Mr. Sibley's papers do not address Ms. Sibley's argument that this Court lacks subject matter jurisdiction on the grounds that "exclusive original jurisdiction relating to the settlement of estates of Florida decedents rests with the Circuit Courts of Florida."  Def.'s Mot. Dismiss at 6 (citing Fla. Stat. § 26.012(2)(b); *Fernicola v. Duchess*, 2008 WL 833965, at *8 (N.J. Super. Ct. App. Div. Jan. 30, 2008)).  For the reasons explained herein, the Court does not reach the issue of subject matter jurisdiction.  However, in considering whether the District of Columbia or the Southern District of Florida is the appropriate venue for resolving this dispute, it is of at least some significance that Mr. Sibley's claims here are inherently tied to the settlement of the Decedent's estate in Southern Florida.

discovery would show that there are no witnesses besides Ms. Sibley in Florida and no relevant

evidence in Florida that would favor transferring this action to Florida.

## II. ANALYSIS

The Court will first address Ms. Sibley's motion to transfer venue.[2]  "For the convenience

of parties and witnesses, in the interest of justice, a district court may transfer any civil action to

any other district or division where it might have been brought." 28 U.S.C. § 1404(a).[3]  To assess

whether transfer is appropriate, the court will "balance a number of case-specific factors which

include the private interests of the parties as well as public interests such as efficiency and

fairness." *Wilderness Soc'y v. Babbitt*, 104 F. Supp. 2d 10, 12 (D.D.C. 2000).  The private

interest factors include: (1) plaintiff's choice of forum, (2) defendant's choice of forum, (3)

whether the claim arose elsewhere, (4) the convenience of the parties, (5) the convenience of the

witnesses, and (6) the ease of access to sources of proof.  *Id.*  The public interest factors include:

(1) the transferee district's familiarity with the governing law, (2) the relative congestion of both

the transferor and transferee courts, and (3) the local interest in deciding local controversies at

home. *Id.*  The party seeking transfer bears the burden of demonstrating that the "balance of

_____

[2]  See *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 425 (2007) (holding that "a court need not resolve whether it has authority to adjudicate the cause (subject-matter jurisdiction) or personal jurisdiction over the defendant if it determines that, in any event, a foreign tribunal is plainly the more suitable arbiter of the merits of the case."); *MBI Group, Inc. v. Credit Foncier du Cameroun*, 558 F.Supp.2d 21, 27 (D.D.C. 2008) ("a court may dismiss a case on the basis of *forum non conveniens* in lieu of addressing questions of subject matter and personal jurisdiction, particularly where, as here, those inquiries raise difficult issues that might otherwise require jurisdictional discovery.").

[3]  As an initial matter, the court finds that this case "might have been brought" in the United States District Court for the Southern District of Florida because it is a "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred."  28 U.S.C. § 1391(a)(2).

convenience of the parties and witnesses and the interest of justice are in [its] favor." *Armco Steel Co. v. CSX Corp.,* 790 F.Supp. 311, 323 (D.D.C. 1991) (internal quotation omitted).

Ms. Sibley's motion for transfer rests on the argument that "none of the operative facts in the Complaint occurred in the District of Columbia," while all of the relevant events took place in Florida, as the "location where Decedent lived, where the estate is located, where the personal representative resides, and from where the Decedent wrote and sent a one-time check to St. Albans." Def.'s Mot. Dismiss at 13.  Mr. Sibley does not dispute these facts.

Other than being the plaintiff's residence and location of St. Albans School, the District of Columbia has no connection to this dispute.  While the court ordinarily gives deference to the plaintiff's choice of forum, "[t]his deference is mitigated . . . where the plaintiff's choice of forum has no meaningful ties to the controversy and no particular interest in the parties or subject matter.*" Schmidt v. American Institute of Physics*, 322 F. Supp. 2d 28, 33 (D.D.C. 2004) (internal quotation omitted).  Such is the case here, where all "the material events that constitute the factual predicate for the plaintiff's claims" occurred in Florida.  *See Schmidt*, 322 F. Supp. 2d at 33-34 (concluding that the District of Columbia lacked meaningful ties to the breach of contract suit even though plaintiff was a District of Columbia resident because defendant made the decision to fire plaintiff in Maryland and communicated the decision to him while he was in Maryland).  The Decedent was in Florida at all relevant times, including when he allegedly formed the contract, signed the "2008-2009 Reservation Contract - Day Student and Chorister" form, signed the tuition check, and mailed it to St. Albans.  Additionally, the Decedent's will was probated in the Florida courts, where Mr. Sibley has also made a demand on Decedent's estate. It is also undisputed that Florida law will apply to Mr. Sibley's claims.

4

Mr. Sibley does not dispute these facts favoring venue in Florida.  In response to Ms. Sibley's motion to transfer, Mr. Sibley argues only that "[a]fter a reasonable opportunity for limited discovery, Plaintiff will establish that . . . there are no witnesses other than Defendant in Florida and there is no relevant 'documentary and other sources of evidence' which would tip the interest of justice analysis to transferring this matter to Florida," contrary to Ms. Sibley's assertion.  Pl.'s Mot. Discovery at 4.  Mr. Sibley further contends that "such limited discovery will likewise establish that trial in this District is by far the more convenient location."  *Id*.

None of the discovery Mr. Sibley seeks, however, would assist him in opposing Ms. Sibley's motion for transfer.  The discovery Mr. Sibley requests would consist of

a.  The oral deposition of Defendant Stuart Sibley – to the end of discovering her knowledge of the activities of Harper Sibley, Jr. which will establish that he personally or acting through an agent: (i) transacted business in the District of Columbia, (ii) contracted to supply services in the District of Columbia, (iii) contracted to act as surety for any person or contract, obligation, or agreement located, executed, or to be performed within the District of Columbia at the time of contracting, or (iv) whether Plaintiff resides in the District of Columbia as a result of the acts, directives, or approval of Harper Sibley, Jr.

b.  Documentary discovery of the business records and dealings of Harper Sibley, Jr. which will support the basis for personal jurisdiction over the Defendant for any of the grounds identified above. In particular, Plaintiff may: (i) serve a request to produce to the Defendant for the personal and business records of Harper Sibley, Jr related to the above issues and (ii) have issued and served subpoenas to the financial institutions with which Harper Sibley, Jr. had accounts seeking evidence of his dealings in the District of Columbia.

Mot. Discovery at 6.  This discovery would only go to the issue of personal jurisdiction and has no relevance to Ms. Sibley's motion to transfer or her motion to dismiss for lack of subject matter jurisdiction.  Accordingly, the Court will deny Mr. Sibley's motion for discovery, and, in the interest of justice, will transfer this matter to the United States District Court for the Southern District of Florida.

### III.  CONCLUSION

For the foregoing reasons, it is this 1st day of February 2010 hereby,

**ORDERED** that Mr. Sibley's motion for jurisdictional and inconvenient forum discovery and to enlarge the time to respond to Ms. Sibley's motion [##9, 10] is **DENIED**; and it is further

**ORDERED** that Mr. Sibley's motion to expedite [#14] is **DENIED** as moot; and it is further

**ORDERED** that Ms. Sibley's motion to dismiss for lack of subject matter jurisdiction [#3] is held in abeyance and shall be decided by the United States District Court for the Southern District of Florida; and it is further

**ORDERED** that Ms. Sibley's motion to transfer venue to the United States District Court for the Southern District of Florida is **GRANTED** [#6].

Henry H. Kennedy, Jr.
United States District Judge

6